SUMMERS, Justice.
Percy Johnson was charged with attempted simple burglary in a bill of information. He was tried before a jury, found guilty as charged and sentenced to imprisonment for four and one-half years. On this appeal one assignment of error is urged.
According to the record Malcolm Lemon and Percy Johnson were together during the early morning hours of January 29, 1975. Johnson was trying to force his way into his aunt’s apartment in the St. Thomas Project on Chippewa Street in Orleans Parish. He was observed by a neighbor in the act of breaking in through a window leading from the apartment onto the fire escape. The neighbor summoned the police. As the police arrived Johnson and Lemon fled, but Johnson was apprehended shortly thereafter. Lemon was arrested later.
Lemon was originally charged as a code-fendant but prior to trial agreed to testify as a witness for the State.
A review of the record, specifically the testimony of Clifton Burst, an eyewitness to the crime who reported its occurrence, supports a finding that Lemon was indeed at the scene of the crime. As a lookout and participant Lemon was able to observe and recall the events which transpired during the actual attempt to burglarize.
Burst testified:
“Q. What did you see these two men doing?
A. One was standing on the fire escape, looking out, while the other one was trying to get in.
Q. Did you later see these persons leave the fire escape where they were?
A. Yea, after the police officers came in from St. Mary’s Drive, they came down the fire escape like, you know they jumped.”
Thus, in reciting the facts and circumstances surrounding the offense, Lemon spoke from personal observation and not, as he mentioned, in accordance with what Johnson, his accomplice, told him.
In this factual context the defense contention that Lemon’s narrative of what occurred amounted to a confession or inculpa-tory statement by Johnson is not supported. Since the facts do not support the contention that Lemon’s narration of what happened was a confession or inculpatory statement of Johnson, there was no necessity for the State to furnish the notice of intention to use the inculpatory statement required by Article 768 of the Code of Criminal Procedure as defendant contends. To the contrary, Lemon’s testimony was a narration of events he personally observed and in which he participated. His testimony was therefore admissible as such.
For the reasons assigned, the conviction and sentence are affirmed.